[No. 20882.   In Bank. — October 3, 1891.]

EX PARTE SAM WAH, ON HABEAS CORPUS.

CRIMINAL LAW — OBSTRUCTION OF OFFICER IN COLLECTION OF TAX — MUNI-
CIPAL TAX — CONSTRUCTION OF PENAL CODE. — Section 428 of the Penal
Code, making it an offense to obstruct an officer in the collection of
"any revenue taxes, or other sums of money in which the people of the
state are interested," does not apply to the act of obstructing a town offi-
cer in the collection of a municipal tax.

ID. — MUNICIPAL INCORPORATION ACT — STREET POLL-TAX — TITLE OF MU-
NICIPALITY — INTEREST OF STATE. — Under section 862 of the Municipal
Corporation Act of March 13, 1883, giving to towns of the sixth class
power to impose and collect a street poll-tax, money levied and collected
therefor belongs to the municipality, and not to the state, and the state
has no interest therein, within the meaning of section 428 of the Penal
Code.

APPLICATION to the Supreme Court for a discharge
upon a writ of *habeas corpus.* The facts are stated in
the opinion of the court.

*Smith & Murasky*, for Petitioner.

DE HAVEN, J. — The petitioner was convicted in a jus-
tice's court of Contra Costa County of the alleged offense
of hindering and obstructing the town marshal of the
town of Martinez, in that county, in the collection of
certain street poll-taxes of and in that town. The al-
leged obstruction consisted in petitioner's refusal to give
his true name to the officer when requested to do so.

It is claimed that this act was a violation of section
428 of the Penal Code, which reads as follows: "Every
person who willfully obstructs or hinders any public
officer from collecting any revenue, taxes, or other sums
of money in which the people of this state are interested,
and which such officer is by law empowered to collect, is
guilty of a misdemeanor."

It appears that Martinez is a town of the sixth class,
and by section 862 of the municipal corporation bill, ap-
proved March 13, 1883, towns of that class are given
power "to impose on and collect from any male inhabi-
tant between the ages of twenty-one and sixty years an
annual street poll-tax not exceeding two dollars," and

are also authorized to levy and collect a property tax for street-work and other municipal purposes.

It is very clear to us that the money levied and collected under this grant of power belongs to the municipality, and not to the state, and that, therefore, section 428 of the Penal Code has no application to the charge made against the petitioner.   It is true that such taxes are held in trust by the municipal corporation, and are to be expended only for public purposes; but the trust is for the immediate benefit of the inhabitants within the corporate limits, although, incidentally, the people of the state who may have occasion to come within such limits may also share in such benefits.

It is, under existing laws, left entirely to the option of towns of the class to which Martinez belongs, whether any street poll-tax shall be imposed upon their inhabitants, and such taxes, when collected, belong in the municipal treasury, and are to be expended only by the town, and the people of the state do not have any interest therein, within the meaning of section 428 of the Penal Code.   That this section does not apply to the collection of a municipal tax is also apparent from other sections of the chapter in which it is found.   Section 424, relating to embezzlement or other misuse of public moneys, or falsification of accounts by public officers, is made expressly to apply to city, town, and district officers. Under section 425, every officer charged with the receipt or disbursement of "public moneys" who fails to keep and pay the same in the manner provided by law is guilty of a felony, and the succeeding section defines the phrase "public moneys," as used in the two preceding sections, to include, among other things, "all moneys belonging to the state, or any city, county, town, or district therein."

In view of the care taken to specifically define general words in the preceding sections so as to include public moneys of towns and cities, it becomes plain that the language of section 428 of the Penal Code, which makes it an offense to obstruct an officer in the collection of

"any revenue, taxes, or other sums of money in which the people of the state are interested," was not intended by the legislature to apply to the act of obstructing a town officer in the collection of a town tax.

It follows that the petitioner is entitled to be discharged.

So ordered.

HARRISON, J., SHARPSTEIN, J., PATERSON, J., and BEATTY, C. J., concurred.